**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SPENCER HUNT,**                                                                                  **PETITIONER**

**V.**                   **NO. 1:06CV76-D-D**

**JIM JOHNSON, ET AL,**                    **RESPONDENTS**

## **O P I N I O N**

This cause comes before the court on the petition of Spencer Hunt for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted in March 1993 by the Circuit Court of Lee County, Mississippi, of sale of cocaine and was sentenced to serve 27 years in confinement. He contends that he completed his sentence on February 6, 2006, but has not been released.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

While state habeas corpus procedures are no longer available to collaterally attack a state court conviction, *Miss. Code Ann.* § 11-43-3, a petitioner may use the state habeas corpus statutes to challenge other alleged illegal confinement, detention, or deprivation of liberty. *Miss. Code Ann.*

§§ 11-43-1 and 11-43-9. Petitioner has not filed such a petition nor has he presented his claim to any state court in any fashion. He must first exhaust his available state remedy by filing a petition for habeas corpus relief in either the circuit or chancery court of Lee County; if unsuccessful in that proceeding, he must then pursue an appeal in the state court system. *See, Miss. Code Ann.* §§ 11-43-7 and 11-43-9. Until then, he has clearly not "present[ed] his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits," *Picard, supra*, and this petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 24th day of March, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE